**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3525
_____

JONATHAN PIERRE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A209-866-637)
Immigration Judge:  Honorable Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2019

Before:  MCKEE, COWEN and RENDELL, Circuit Judges

(Opinion filed: September 5, 2019)

## O P I N I O N[*]

**PER CURIAM**

Jonathan Pierre, proceeding pro se, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We will deny the petition.

## I.

Pierre, a citizen of Haiti, entered the United States in November 2016 without valid entry documents, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I), INA § 212(a)(7)(A)(i)(I). Pierre provided a statement to a border patrol agent on the day he arrived and was subsequently given a credible fear interview in December 2016. Pierre filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

At the hearing before the Immigration Judge ("IJ"), Pierre testified that, while living in Haiti, his family had a long-term dispute with a neighbor. On April 5, 2013, Pierre came home to a fight on his front lawn between several children (involving Pierre's niece and a family member of the neighbor). Pierre split up the fight. Later that day, Pierre's neighbor, Rezou, went to Pierre's house and threatened him. Pierre

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

responded by calling the police; the next day, he also went to the police station to file a report. The police ordered Rezou to appear in court the following day and Rezou complied. At court, Rezou made further threats against Pierre, and was subsequently detained and released two days later. On April 9, 2013, Pierre was then attacked and assaulted by a group of four men, two of whom were related to Rezou. Pierre testified that he believes that Rezou orchestrated the attack. Immediately following the attack, Pierre was transported to the hospital to treat his injuries. Pierre testified that after his assault, he was informed that the men who had assaulted him then returned to his house and threw rocks at it. Because of the assault, Pierre decided he need to leave Haiti to avoid further harm from Rezou. He left Haiti on April 11, 2013 and traveled to Brazil, where he lived for the next three years. Pierre also testified that on April 29, 2018, his mother's house (in Haiti) was attacked. Pierre believes Rezou was responsible for the attack on his mother's house as well. In addition to the harm he suffered due to his neighbor in Haiti, Pierre briefly testified that he fears persecution on account of his membership in a social group, called A.A.S.C. (AGEMO ARTS SECOURS CULTUREL), which appears to be political in nature and whose leader was assassinated.

The IJ determined that Pierre's testimony was not credible. The IJ based on this conclusion on the inconsistencies between Pierre's testimony before the IJ and the information contained in his interviews with the border patrol officer and asylum officer. In addition, the IJ concluded that, even if Pierre were found credible, he failed to show that he was eligible for asylum. Furthermore, the IJ concluded that, because Pierre failed to meet the applicable burden of proof for his asylum claim, he necessarily failed to meet

3

the higher burden for his withholding claim. Finally, the IJ determined that his claim under CAT failed because he failed to show past torture, that he would more likely than not be tortured if returned to Haiti, or government acquiescence.

Pierre appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal, finding no clear error in the IJ's adverse credibility determination or in the IJ's determination that Pierre failed to satisfy his burden to establish past persecution or a well-founded fear of persecution on account of a statutorily protected ground. The BIA also found no clear error in the IJ's determination that Pierre failed to establish eligibility for withholding of removal and failed to meet his burden to establish his eligibility for protection under CAT. This petition for review followed.

## II.

This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review the agency's factual findings, including an adverse credibility determination, for substantial evidence. See Chen v. Gonzales, 434 F.3d 212, 216 (3d Cir. 2005). Under this deferential standard of review, we must uphold those findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483–84 (3d Cir. 2001).

## III.

4

In his petition for review, Pierre primarily challenges the IJ's adverse credibility determination. Pierre argues that the IJ inappropriately relied on inconsistencies between his border interview, credible fear interview, asylum application, and testimony at the hearing.[1] According to Pierre, his border interview was as unreliable as a typical airport interview, which we have found is not a valid ground upon which to base an adverse credibility determination. See Balasubramanrim v. I.N.S., 143 F.3d 157, 164 (3d Cir. 1998). While Pierre correctly argues that we have counseled against placing too much weight on a petitioner's interview with immigration authorities at the point of entry, see Chen, 376 F.3d at 223–24, here the IJ pointed to other reasons for finding Pierre's testimony incredible, namely, the inconsistencies in his credible fear interview. Furthermore, nothing in the record suggests that either interview in this case was unreliable. The IJ noted that the interview with the border patrol agent involved "a very detailed account of questions and answers posed," wherein Pierre "was very clear and emphatic that he left Haiti so that he could find better work." A.R. at 60. Therefore, we conclude that the IJ's adverse credibility determination was supported by substantial evidence.

IV.

---

[1] Regarding the statement he provided to the border patrol agent, the IJ noted that Pierre stated that he left his home in Haiti in order to find work, that he had not been harmed or mistreated, that he was not involved in any political group, and that the came to the United States to find better work than what he had in Brazil. Regarding the interview with the asylum officer, the IJ noted that Pierre did not speak of his political involvement and that he did not indicate that the individuals who assaulted him also threw rocks at his house the following day.

The IJ's alternative determination, that, even if Pierre were credible, he failed to meet his burden to establish that he is eligible for asylum, is also supported by substantial evidence. An applicant for asylum has the burden of establishing that he is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); INA § 101(a)(42)(A); Abdille, 242 F.3d at 482. "[A] key task for any asylum applicant is to show a sufficient 'nexus' between persecution and one of the listed protected grounds." Ndayshimiye v. Att'y Gen., 557 F.3d 124, 129 (3d Cir. 2009).

The IJ determined that Pierre failed to show past persecution or a well-founded fear of future persecution. The evidence in the record does not compel a contrary conclusion since we have previously determined that "isolated incidents that do not result in serious injury do not rise to the level of persecution." Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005). Additionally, the record supports the IJ's conclusion that the harm Pierre suffered was not on account of a statutorily protected ground. Instead, the record reveals that the harm Pierre suffered arose from a dispute with a neighbor who believed that Pierre punched his son. In short, there is no link between the harm he fears and his ethnicity, nationality, religion, political opinion, or membership in a particular social group.[2]

---

[2] To the extent that Pierre claims that he was persecuted, or likely will be persecuted, on account of his membership in a political group (the A.A.S.C.) and his political beliefs, the IJ's decision to dismiss this explanation is supported by substantial evidence. The only information Pierre provided in support of this argument was that the leader of his alleged

Furthermore, the IJ's conclusion that Pierre failed to show that the government was unable or unwilling to protect him is supported by substantial evidence. As noted by the IJ, the record supports the conclusion that the police responded to Pierre's report, issued a subpoena for Rezou to appear in court, and detained him for two days due to his threats against Pierre. Pierre testified that, after his attack, he did not contact the police to report the attack because he "didn't get any result" by contacting the police previously. However, as noted, the record contradicts that explanation.

Because we conclude that Pierre has failed to establish his eligibility for asylum, we necessarily conclude that he has not satisfied the more stringent requirements for withholding of removal. See Paripovic v. Gonzales, 418 F.3d 240, 246 (3d Cir. 2005). Finally, the record supports the IJ's conclusion that Pierre has failed to demonstrate that he is likely to be tortured by, or with the acquiescence of, government officials if removed to Haiti. See 8 C.F.R. §§ 1208.16(c), 1208.18(a).

For the foregoing reasons, we will deny the petition

_____

political group was assassinated. However, as noted by the IJ, even if the leader was assassinated, that fact that does show that Pierre is in any danger due to his affiliation with the group.

7